**Gary HERNDON, Appellant,**

**v.**

**John W. WINGO, Warden, etc., Appellee.**

Court of Appeals of Kentucky.

June 24, 1966.

W. E. Rogers, III, Hopkinsville, for appellant.

Robert Matthews, Atty. Gen., Frankfort, for appellee.

HILL, Judge.

Appellant, Gary Herndon, presently confined in the Kentucky State Reformatory under a five-year sentence for taking an automobile of another without the owner's consent, filed this action against the warden of the reformatory asking that he be released from prison on the theory the order

revoking his probation and imposing sentence was illegal because of waiver of jurisdiction. After a hearing, the circuit court entered judgment dismissing his petition. He appeals.

Appellant in the presence of his court-appointed counsel was arraigned, entered a plea of guilty, and applied for probation, which was granted, in Calloway Circuit Court February 11, 1963. About two hours after his probation, and while he was still in the custody of the jailor of Calloway County, officers from the State of Tennessee appeared with a warrant issued in that State. Appellant voluntarily waived extradition and was returned to Tennessee, convicted and served about two and one-half years in prison.

After he was released from prison in Tennessee, he was again arrested in Calloway County in connection with another car theft in the State of Florida. He was served with notice to show cause why his probation of February 1963 should not be revoked. After a hearing, it was revoked and appellant was imprisoned, from which he now seeks an avenue of escape.

Appellant admits he voluntarily waived extradition, but he maintains on this appeal that the Calloway Circuit Court waived its jurisdiction by acquiescing to his removal by the Tennessee authorities from Kentucky to Tennessee. However, the trial judge of the Calloway Circuit Court at the time of his conviction and probation testified appellant was released, free to "walk away" if he desired, as soon as he was probated insofar as the circuit court was concerned. Apparently what actually did occur was that appellant was released on probation in circuit court but by previous arrangement with officials of Tennessee the county judge and jailor held appellant until the arrival of transporting officers from Tennessee some two hours later.

■ The bare act of probation cannot be construed as a waiver of jurisdiction. His probation contained all the usual conditions, and others, and was for a term of five years. He was then free so far as Calloway Circuit Court was concerned. He was thereafter required to do nothing in Kentucky but respect the conditions of his probation.

Our case law on this question is based upon some idea of "forfeiture" or waiver in the construction of KRS 440.330, a statute headed: "Extradition may be granted persons accused or convicted in this state; conditions."

In a thorough discussion of the question of "forfeiture" or waiver of jurisdiction, it is written in Crady v. Cranfill, Ky., 371 S.W.2d 640, 643:

"On further reflection we have concluded that the question is not one of constitutional rights, but of state policy. If it were otherwise, for example, that portion of the Uniform Criminal Extradition Act providing that in no case shall the surrender of a prisoner be construed as a complete relinquishment of jurisdiction by the asylum state, but the prisoner shall be returned after trial in the demanding state 'or the completion of sentence therein, as the case may be,' (emphasis ours) probably would be unconstitutional."

This court in Jones v. Rayborn, Ky., 346 S.W.2d 743, made the following comment on the question of "forfeiture" or waiver of jurisdiction:

"The big question seems to be: Can the state through any of its officers by its acts waive a right which belongs to it? All the cases assume that it can. A waiver, as we all know, is the 'voluntary surrender of a known right.' There must be 'a clear, unequivocal and decisive act of the party showing an intention to relinquish the right.' "

In the case before us, there was no act or conduct evincing the relinquishment of any right by any Kentucky official. This state retained the supervision of appellant

during the period of his probation. He was not "handed over" to the authorities of the demanding state. He voluntarily waived extradition, and all was going well until it was thought he violated a condition of his probation.

It is concluded there was no "forfeiture" or waiver of jurisdiction and that the Calloway Circuit Court had jurisdiction to revoke appellant's probation and commit him to prison.

The judgment is affirmed.