64 S.W.3d 292 (2001)
D.R., A Minor Child, Appellant,
v.
COMMONWEALTH of Kentucky, Appellee.
No. 2000-CA-002466-DG.
Court of Appeals of Kentucky.
October 5, 2001.
Case Ordered Published and Modified by the Court of Appeals December 28, 2001.
*293 Suzanne Hopf, Frankfort, KY, for appellant.
John E. Hackley, Stanford, KY, for appellee.
Before GUIDUGLI, MILLER, and SCHRODER, Judges.

OPINION
MILLER, Judge.
D.R., a minor child, brings this appeal from a September 22, 2000 judgment of the Lincoln Circuit Court. We reverse and remand.
Appellant's mother filed a beyond control petition in juvenile court against appellant. Kentucky Revised Statutes (KRS) 630.020. Appellant initially appeared pro se before the Lincoln District Court on January 14, 1999. On that day, he entered an admission of guilt. In response to his guilty plea, he was placed on probation for a period of one year, until January 14, 2000. On January 13, 2000, the district court determined appellant violated terms of his probation and ordered extension of probation through January 14, 2001. The court also ordered fourteen days' detention with four to serve, and the balance probated. Subsequently, appellant was accused of again violating terms of probation. On March 9, 2000, the court ordered thirty days' detention, probated upon the condition appellant follow terms of the existing probation order. An appeal ensued to the Lincoln Circuit Court. The circuit court set aside the thirty days of detention but affirmed the district court upon all other grounds. The Court of Appeals granted discretionary review on *294 December 27, 2000.[1] Ky. R. Civ. P. 76.20. We now turn to appellant's arguments upon review.
Appellant contends that his January 14, 1999 admission of guilt was not made knowingly and intelligently. Specifically, he claims that the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) were not met,[2] and that he was not afforded counsel. We shall address these issues separately.
In Centers v. Commonwealth, Ky.App., 799 S.W.2d 51, 54 (1990) the Court held:
In determining the validity of guilty pleas in criminal cases, the plea must represent a voluntary and intelligent choice among the alternative course[s] of action open to the defendant. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); Sparks v. Commonwealth, Ky.App., 721 S.W.2d 726 (1986). The United States Supreme Court has held that both federal and state courts must satisfy themselves that guilty pleas are voluntarily and intelligently made by competent defendants. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Since pleading guilty involves the waiver of several constitutional rights, including the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers, a waiver of these rights cannot be presumed from a silent record. The court must question the accused to determine that he has a full understanding of what the plea connotes and of its consequences, and this determination should become part of the record. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); Sparks, supra.

The validity of a guilty plea must be determined not from specific key words uttered at the time the plea was taken, but from considering the totality of circumstances surrounding the plea. Kotas v. Commonwealth, Ky., 565 S.W.2d 445, 447 (1978); Lynch v. Commonwealth, Ky.App., 610 S.W.2d 902 (1980); Sparks, supra. These circumstances include the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made. Sparks, supra, Littlefield v. Commonwealth, Ky.App., 554 S.W.2d 872 (1977).
To determine the validity of appellant's admission of guilt, we shall initially review the dialogue between appellant and the district court:
THE COURT:
[D.R.], before we start, let me advise you of your rights. First of all, you have the right to remain silent. If you give up that right, anything you say can be used against you. You also have the right to have an attorney at these proceedings. So, similar to adult rights to have an attorney, it's your right, notit doesn't belong to your parents, they can't waive it for you. If you can't afford an attorney or they can't afford an attorney for you, I will appoint a public defender to represent you, but I may require some of it to be paid back to the *295 public defender program. So, I need to know whether you want an attorney to represent you in this matter?
[D.R.]:
No, sir.
THE COURT:
You don't?
[D.R.]:
No, sir.
THE COURT:
Okay. The charge laid against you is that you are beyond control of your parents. The complaint talks about not obeying household rules, asking permission before you leave home, doing your school work. Apparently, you've been expelled?
[D.R.]:
Yeah.
THE COURT:
Is that for the rest of the year?
[D.R.]:
Yes, sir.
THE COURT:
Says you were caught with marijuana. Did you have charges filed against you for that?
[D.R.]:
No. They just expelled me free [sic] for the school year.
THE COURT:
Okay. Also some violence and stuff at home apparently between you and INAUDIBLE, some problems. It notes that you are improving, but your mother believes you still need a little help. The family needs a little help. What can you tell me about this?
[D.R.]:
Well, I was violent and I was a little bit out of control, but I don't think I was that much out of control. Enough to get it filed.
THE COURT:
What about this thing about attacking your mother, laying your hands on her, whatever all that means? Did you do that INAUDIBLE [sic]
[D.R.]:
I didn't attack her. She was hitting me and stuff and I grabbed her arms so she would quit.
THE COURT:
Had you been anywhere being treated for these crimes? In a hospital or anything for treatment?
[D.R.]:
Yeah. They put me in INAUDIBLE in Danville.
THE COURT:
How long ago was that?
[D.R.]:
It was in October.
THE COURT:
Of last year?
[D.R.]:
Yeah.
THE COURT:
How long were you there?
[D.R.]:
A week and three days.
THE COURT:
Okay. I need to know whether you want to plead guilty or not guilty to being out of control with your parents?
[D.R.]:
Guilty.
From the above, it is clear that appellant was not informed of the consequences of an admission of guilt. Specifically, he was not informed of constitutional rights waived by admitting guilt or of the range of possible punishments. In short, appellant was not informed of a single consequence *296 of his decision to enter an admission of guilt. Appellant was a fifteen-year-old child who had no previous experience with the court system. Upon the totality of circumstances, we are convinced that appellant's admission of guilt was not made knowingly and intelligently. See Boykin, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.
Next, appellant asserts that KRS 610.060(1)(a) mandates appointment of counsel. KRS 610.060 states, in relevant part, as follows:
(1) If the Circuit or District Court determines that a formal proceeding is required in the interest of the child or to determine the truth or falsity of the allegations against the child, a petition shall be required pursuant to KRS 610.020, and the court shall, when the child is brought before the court:
(a) Explain to the child and his parents, guardian, or person exercising custodial control their respective rights to counsel and, if the child and his parents, guardian, or person exercising custodial control are unable to obtain counsel, shall appoint counsel for the child and, unless specified to the contrary by other provisions of KRS Chapters 600 to 645, may appoint counsel for the parents, guardian, or person exercising custodial control;
...
(e) Advise the child that these rights belong to him and may not be waived by his parents, guardian, or person exercising custodial control. (Emphases added).
Appellant points out that in utilizing the word "shall" in subsection (a), the legislature intended there be no waiver of counsel for a minor; thus, appellant's "waiver" of counsel was a nullity. Conversely, the Commonwealth argues that subsection (e) permits a child to waive his right to counsel afforded under subsection (a). As appellant "waived" his right to counsel, the Commonwealth maintains that subsection (a) was not violated.
We view subsections (a) and (e) to be ambiguous and to be in apparent conflict with each other. In subsection (a), the legislature explicitly signaled its intent that a child "shall" be appointed counsel; however, in subsection (e), the legislature implicitly signaled its intent that a child may waive any of the rights set out in subsections (a) through (d).
It is well established that the interpretation and construction of a statute is a matter of law for the court. Commonwealth v. Garnett, Ky.App., 8 S.W.3d 573 (1999); Commonwealth, Cabinet for Human Resources v. Jewish Hospital Healthcare Services, Inc., Ky.App., 932 S.W.2d 388 (1996). When there is an apparent conflict between sections of a statute, the court is bound to try to harmonize the inconsistency so as to give effect to the statute as a whole. Commonwealth v. Halsell, Ky., 934 S.W.2d 552 (1996). In construing or interpreting a statute, it is paramount that we ascertain and give effect to the intent of the legislature. Department of Corrections v. Courier Journal and Louisville Times, Ky.App., 914 S.W.2d 349 (1996).
In conformity with the above authorities, we construe subsection (a) as mandating the district court to initially appoint the child counsel; after appointment and consultation with counsel, the child then may waive the right to counsel under subsection (e). Simply stated, we think a child may waive the right to counsel only if that child has first been appointed, and consulted with, counsel concerning the waiver. We perceive such *297 construction as consistent with the intent of the legislature as expressly provided in subsection (a), and as implicitly provided in subsection (e). We also perceive such construction as harmonizing subsections (a) and (e), and as giving effect to the statute as a whole.
In the case sub judice, the record indicates that appellant waived counsel without first being appointed counsel. We believe such waiver ineffectual and contrary to KRS 610.060(1).
We view appellant's remaining contention relating to the extension of his probation as moot.
For the foregoing reasons, the judgment of the Lincoln Circuit Court is reversed, and this cause is remanded for proceedings consistent with this opinion.
ALL CONCUR.
NOTES
[1] Discretionary review was granted upon the issues of "whether movant's [pro se] admission [of guilt] was made in a knowing and intelligent manner" and "whether the order extending probation for an additional year was void."
[2] We think it beyond controversy that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) applies to juvenile adjudications. In this respect, we observe that the Commonwealth did not argue otherwise.