**COMMONWEALTH of Kentucky,
Appellant,**

v.

**Adrien Lamont TOWNSEND, Appellee.**

No. 2001–SC–0070–DG.

Supreme Court of Kentucky.

Oct. 17, 2002.

A.B. Chandler, III, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Office of Atty. Gen., Criminal Appellate Division, Frankfort, for Appellant.

Daniel T. Goyette, J. David Niehaus, Office of Public Defender for Jefferson Dist. Public Defender, Louisville, for Appellee.

COOPER, Justice.

Appellee Adrien Lamont Townsend, then age sixteen (DOB: December 29, 1979) was charged in the Jefferson District Court, Juvenile Division with robbery in the first degree. Pursuant to KRS 640.010(2)(c), he was transferred to the Jefferson Circuit Court as a "youthful offender" to be proceeded against as an adult. Appellee waived formal indictment and agreed that the Commonwealth could proceed against him by information. RCr 6.02(1). *Malone v. Commonwealth,* Ky., 30 S.W.3d 180 (2000). On November 18, 1996, Appellee entered a plea of guilty to robbery in the first degree and was sentenced to ten years in prison. His motion for probation was denied. Thereafter, his sentence was governed by KRS 640.030(2) which provides in pertinent part as follows:

> [A]ny sentence imposed upon the youthful offender shall be served in a youth facility or program operated by the Department of Juvenile Justice until the expiration of the sentence, the youthful offender is paroled, the youthful offender is probated, or the youthful offender reaches the age of eighteen (18), whichever first occurs. If an individual sentenced as a youthful offender attains the age of eighteen (18) prior to the expiration of his sentence, and has not been probated or released on parole, that individual shall be returned to the sentencing court. At that time, the sentencing court shall make one (1) of the following determinations:
>
> (a) Whether the youthful offender shall be placed on probation or conditional discharge;
>
> (b) Whether the youthful offender shall be returned to the Department of Juvenile Justice to complete a treatment program, which treatment program shall not exceed a period in excess of six (6) months. At the conclusion of the treatment program or at the expiration of six (6) months, whichever first occurs, *the individual shall be finally discharged;* or
>
> (c) Whether the youthful offender shall be incarcerated in an institution operated by the Department of Corrections.

(Emphasis added.)

Accordingly, Appellee was remanded to the Department of Juvenile Justice where he was incarcerated in a youth facility until his eighteenth birthday. On January 8, 1998, he was returned to the Jefferson Circuit Court for a hearing to determine whether the remainder of his sentence should be pursuant to KRS 640.030(2)(a), (b) or (c). At that hearing, a counselor at

the youth facility testified that if Appellee were sentenced to six more months of treatment, he could earn additional credits toward his high school diploma, earn a G.E.D., or obtain vocational training, any of which would assist him in obtaining future employment. The trial court agreed and sentenced Appellee to six months of treatment under KRS 640.030(2)(b). It is clear from the videotape of the January 8, 1998, hearing that the trial court, the prosecutor, and defense counsel all believed that, at the conclusion of the six month treatment program, the trial court could finally resentence Appellee under either subsection (a) or (c) of the statute.

On January 13, 1998, the Commonwealth filed a motion to set aside the sentencing order on grounds that the language of KRS 640.030(2)(b), i.e., "shall be finally discharged," precluded the trial court from resentencing Appellee at the conclusion of the six month treatment period. At a January 16, 1998, hearing on this motion, Appellee expressed his desire to participate in the treatment program and agreed that a sentence under subsection (b) would not preclude a resentence under subsection (a) or (c) at the conclusion of the six month period. The trial court set aside the January 8, 1998 judgment and continued the hearing to February 13, 1998, to permit further research into the import of KRS 640.030(2)(b).

On February 13, 1998, the trial court ultimately concluded that a sentence imposed under KRS 640.030(2)(b) would preclude a subsequent resentencing under KRS 640.030(2)(a) or (c). In obvious anticipation that the trial court would not probate the remainder of the sentence under subsection (a) of the statute[1], defense

counsel stated on the record that Appellee "agrees to the court's retaining jurisdiction after the conclusion of six months" and further agreed that Appellee "would be estopped from appealing on those grounds." By order of February 17, 1998, the trial court reinstated the order of January 8, 1998, and set final sentencing for June 29, 1998. The order recited that defense counsel "advised that his client understood the Court's reasoning when the Court extended the Defendant's commitment to the Department of Juvenile Justice for an additional six months" and that he would "waive any challenge to the Court's jurisdiction at a review date on or about the Defendant's 18½-month [sic] birthday."

At the final sentencing hearing on June 29, 1998, Appellee did not object to the trial court's authority to resentence him pursuant to KRS 640.030(2)(a) or (c). At the conclusion of that hearing, the trial court entered a final judgment again reciting Appellee's agreement to waive any jurisdictional challenge and ordering that the remainder of Appellee's sentence be served under the custody of the Department of Corrections. Appellee appealed, asserting that the order of February 17, 1998, deprived the trial court of jurisdiction to resentence him pursuant to KRS 640.030(2)(c). The Court of Appeals agreed and vacated the final judgment of June 29, 1998.

 The Court of Appeals concluded, and we agree, that the plain language of KRS 640.030(2)(b) precludes a trial court from conducting yet another sentencing hearing at the conclusion of the six month treatment program. The statute gives the sentencing judge only three options when

---

1. Appellee had recently escaped from the youth facility and that charge was still pend-

ing at the time of the hearing.

a youthful offender reaches the age of eighteen. It does not give the sentencing judge a fourth option of sentencing the offender first pursuant to subsection (b) then, later, pursuant to subsection (a) or (c). We further conclude however, that the "finally discharged" provision of subsection (b) inures to the benefit of a defendant and, like any other constitutional or statutory right, can be the subject of a valid waiver. *Myers v. Commonwealth,* Ky., 42 S.W.3d 594, 598 (2001): *Malone v. Commonwealth, supra,* at 183; *Commonwealth v. Griffin,* Ky., 942 S.W.2d 289, 291 (1997).

 *Malone* held that if a defendant can waive his constitutional right to a trial by jury, which he can, *Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), *Short v. Commonwealth,* Ky., 519 S.W.2d 828, 832 (1975), there is no reason why he cannot also waive his constitutional right "not to be proceeded against criminally by information." Ky. Const. § 12. *Malone, supra,* at 184. Without citation to authority, it is elementary that a defendant can also waive his Fourth Amendment right to be free from a warrantless search, his Fifth Amendment right to remain silent, and his Sixth Amendment right to counsel. *Myers, supra,* held that a defendant could waive the maximum aggregate sentence restriction in KRS 532.110(1)(c) and *Griffin, supra,* held that a defendant could waive the five-year limitation on a sentence of probation in KRS 533.020(4). In both *Myers* and *Griffin,* the voluntariness of the waiver was premised upon the existence of a quid pro quo (though we do not now hold that voluntariness requires the existence of such). Here, Appellee's waiver of his KRS 640.030(2)(b) right to be "finally discharged" was made in open court and was clearly intended as a quid pro quo for the trial court's agreement to allow him to complete the treatment program before imposing final sentence. The waiver was recited without objection in both the February 17, 1998 order and the June 29, 1998 final judgment. It is immaterial whether the motive behind the waiver was a desire to benefit from the treatment program or a hope that the trial court's resolve would soften in the interim. The waiver was unambiguous and patently voluntary.

Accordingly, we reverse the Court of Appeals and reinstate the sentence imposed by the Jefferson Circuit Court.

All concur.