**Victor Lamont HUMPHREY,
Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 2003–CA–000906–MR.

Court of Appeals of Kentucky.

May 21, 2004.

Rehearing Denied July 2, 2004.

Discretionary Review Denied by
Supreme Court Feb. 9, 2005.

Gail Robinson, Frankfort, KY, for appellant.

Albert B. Chandler III, Attorney General of Kentucky, Ian G. Sonego, Assistant Attorney General, Frankfort, KY, for appellee.

Before GUIDUGLI, McANULTY, and TAYLOR, Judges.

## OPINION

McANULTY, Judge.

Victor Lamont Humphrey (Humphrey) appeals from an order of the Jefferson Circuit Court denying his motion under RCr 11.42 seeking to vacate an earlier judgment of the Jefferson Circuit Court sentencing him to a total of 10 years in prison for two counts of complicity to commit second-degree arson. Humphrey was a juvenile at the time the offenses were committed.

Humphrey's primary contention is that his waiver of his right to a preliminary hearing in the juvenile court prior to the transfer of his case to the circuit court was not knowingly and intelligently given. Humphrey seeks to vacate the final judgment of the Jefferson Circuit Court and remand his case to juvenile court. At a minimum, Humphrey requests an evidentiary hearing on his claims. For the reasons explained below, this Court concludes that there are material issues of fact that cannot be conclusively resolved by an examination of the record, necessitating an evidentiary hearing. However, we further conclude that Humphrey failed to establish any factual basis which should have caused the district court to experience reasonable doubt as to his competence to stand trial. Consequently, the trial court's order is vacated and remanded in part and affirmed in part.

Humphrey was originally charged with two counts of second-degree arson and nine counts of third-degree arson for his alleged involvement in setting two garage fires, the first fire occurring on November 2, 1999, and the second on June 4, 2000. At the time of the June 2000, fire, Humphrey had just turned fifteen years old. For clarity's sake, we note here that Humphrey was represented by three different attorneys during the proceedings against him. The first represented him in district court. The second, whose representation is at issue in this appeal, represented Humphrey when his case was transferred from district court to circuit court. The third attorney represented Humphrey during probation revocation proceedings.

In October of 2000, Humphrey signed a Waiver of Rights form in the district court.

As a result, the district court did not conduct the preliminary hearing mandated by Kentucky Revised Statutes (KRS) 640.010(2) "to determine if the child should be transferred to Circuit Court as a youthful offender." Instead, the district court issued an order transferring the case to the circuit court. On October 20, 2000, prosecutor Brian Good filed an information charging Humphrey with two counts of complicity to commit second-degree arson. Humphrey entered a guilty plea to both charges, and the circuit court sentenced him on December 1, 2000, to ten years on each count ·to run concurrently for a total of ten years, probated for five years. Ultimately, on February 1, 2002, the circuit court revoked Humphrey's probation for violations of conditions of his probation.

Humphrey did not file a direct appeal of the judgment of conviction. After the circuit court revoked his probation, he filed a motion under RCr 11.42 to vacate the final judgment and remand his case to juvenile court. After the Commonwealth failed to file a response to Humphrey's RCr 11.42 motion within the time prescribed by RCr 11.42(4), Humphrey filed a motion to grant his RCr 11.42, or alternatively, to schedule an evidentiary hearing. Eventually, the Commonwealth did file a response, and the trial court summarily denied Humphrey's RCr 11.42 motion, precipitating this appeal.

Humphrey presents a number of claims for our review. First, Humphrey argues that he could not waive his right to a transfer hearing. In the alternative, Humphrey argues that if he could waive his right to a transfer hearing, he did not do so knowingly and intelligently. Second, Humphrey asserts that he was denied effective assistance of counsel by the action and inaction of the attorney that represented him during the waiver to circuit court and the subsequent entry of the

guilty plea. Third, Humphrey contends that the district court deprived him of due process by failing to conduct a competency hearing. Finally, Humphrey argues that, at a minimum, the trial court should have conducted an evidentiary hearing on his motion.

## I. WAIVER OF PRELIMINARY HEARING IN DISTRICT COURT

For the purposes of the following discussion, the preliminary hearing established in KRS 640.010(2) may be referred to as a "preliminary hearing" or a "transfer hearing" or a "waiver hearing." Humphrey argues that KRS 635.020(2) and KRS 640.010(2) mandate a preliminary hearing prior to a transfer to circuit court. KRS 635.020(2) states as follows:

If a child charged with a capital offense, Class A felony, or Class B felony, had attained age fourteen (14) at the time of the alleged commission of the offense, the court shall, upon motion of the county attorney made prior to adjudication, and after the county attorney has consulted with the Commonwealth's attorney, that the child be proceeded against as a youthful offender, proceed in accordance with the provisions of KRS 640.010.

As Humphrey was charged with two counts of second-degree arson, class B felonies, and he had reached age fourteen (14) at the time of the alleged commission of the offenses, KRS 640.010(2) is applicable. KRS 640.010(2), in relevant part, provides as follows:

In the case of a child alleged to be a youthful offender by falling within the purview of KRS 635.020(2), (3), (5), (6), (7), or (8), the District Court shall, upon motion by the county attorney to proceed under this chapter, and after the county attorney has consulted with the

Commonwealth's attorney, conduct a preliminary hearing to determine if the child should be transferred to Circuit Court as a youthful offender. The preliminary hearing shall be conducted in accordance with the Rules of Criminal Procedure.

■ As set out in KRS 640.010(2)(a), the purpose of the preliminary hearing is for the district court to determine "if there is probable cause to believe that an offense was committed, that the child committed the offense, and that the child is of sufficient age and has the requisite number of prior adjudications, if any, necessary to fall within the purview of KRS 635.020." The import of a child being transferred from district court to circuit court is that the child loses the greater procedural protections and provisions of the juvenile justice system and is held for trial under adult procedures. *See Kent v. United States,* 383 U.S. 541, 547, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966).

■ Humphrey points out that in utilizing the word "shall" throughout KRS 635.020(2) and KRS 640.010(2), the legislature intended there be no waiver of the preliminary hearing by the minor; thus, Humphrey's waiver was a nullity. We disagree. Voluntary waiver by the minor of the preliminary hearing in KRS 640.010(2) is not an aberration. In so concluding, we refer to KRS 600.010(2)(e), which specifies that "[u]nless otherwise provided, such protections [of KRS Chapters 600 to 645, the Kentucky Unified Juvenile Code] belong to the child individually and may not be waived by any other party." In other words, in this provision, the legislature is signaling its intent that a child may waive any of the rights set out in the Kentucky Unified Juvenile Code, unless otherwise provided. *See D.R. v. Commonwealth,* Ky. App., 64 S.W.3d 292, 296 (2001) (holding that, under KRS 610.060, "a child may

waive the right to counsel *only if* that child has first been appointed, and consulted with, counsel concerning the waiver.")

■ In concluding that a child may voluntarily waive the preliminary hearing, we further rely on the nature of the proceeding, which is dispositional rather than adjudicatory. On this point, the preliminary hearing "does not result in any determination of guilt or innocence or in confinement or punishment." *State v. Muhammad,* 237 Kan. 850, 703 P.2d 835, 839–40 (1985) (holding that, under Kansas state law, a court may conduct a transfer hearing "without a voluntary waiver of appearance by the juvenile if counsel is present and allowed to participate on the juvenile's behalf.") Moreover, applying the reasoning of *Commonwealth v. Townsend,* Ky., 87 S.W.3d 12, 15 (2002), if a defendant can waive his constitutional right to a trial by jury, which he can, there is no reason why he cannot also waive his statutory right, under KRS 640.010, to a preliminary hearing to determine if he should be transferred to circuit court as a youthful offender. (*Townsend* held that a defendant could waive the "finally discharged" provision of KRS 640.030(2)(b).)

Humphrey further supports his argument that the preliminary hearing cannot be waived by citing *Benge v. Commonwealth,* Ky., 346 S.W.2d 311 (1961) for the proposition that, since a transfer hearing is a jurisdictional requirement, a juvenile is unable to waive that hearing. *Benge,* however, was a direct appeal case from a judgment entered on a verdict, and this case is not. *Benge,* 346 S.W.2d at 312. This case is a collateral attack under RCr 11.42 of a guilty plea, therefore, we believe *Schooley v. Commonwealth,* Ky.App., 556 S.W.2d 912 (1977), is applicable on this point.

In *Schooley,* the appellant, Lonnie Schooley, filed a motion under RCr 11.42 in which he argued that the circuit court never acquired jurisdiction over the charges against him because there was no valid transfer of the case by the juvenile court. *Id.* at 914. In analyzing the issue, the court considered the fact that circuit courts had general jurisdiction to try felony cases. *Id.* at 915. Moreover, the circuit court also had general jurisdiction "to try juvenile felony offenders if there has been a valid transfer order pursuant to KRS 208.170(1) [the predecessor to KRS 635.020]." *Id.* at 915–16.

The court ultimately concluded that the circuit court has general subject-matter jurisdiction, and whether the circuit court had jurisdiction over Schooley's particular case was a question of policy rather than power. *See id.* at 916. The policy consideration was one of due process. *See id.* at 916. Specifically, the question the court set out to answer was: Were the errors in transferring jurisdiction from the district court to the circuit court of "such magnitude as to render the judgment of conviction so fundamentally unfair that the defendant can be said to have been denied due process of law." *Id.* at 917. The court considered a number of factors such as (1) Schooley's guilty plea; (2) Schooley's failure to bring a direct appeal; and (3) procedural defects and timeliness issues with Schooley's RCr 11.42 motions. *See id.* at 918. Ultimately, the court concluded that there was no denial of due process in Schooley's case and affirmed the circuit court's order denying his final RCr 11.42 motion. *See id.*

Turning to the facts of this case and applying the *Schooley* guidelines discussed above, preliminarily we state that the Jefferson Circuit Court had general subject-matter jurisdiction over Humphrey's case. Humphrey was initially charged with two

class B felonies and nine class D felonies. The question now becomes whether there were any errors in transferring jurisdiction from the district court to the circuit court. After reviewing the record, we believe that there were.

As we previously concluded above that Humphrey could waive the preliminary hearing, the error did not lie in the actual transfer based upon Humphrey's purported waiver, but in the waiver itself. In other words, based on the record, we are not convinced that the waiver was valid. *See Townsend,* 87 S.W.3d at 15 ("[T]he 'finally discharged' provision of [KRS 640.030(2)] subsection (b) inures to the benefit of a defendant and, like any other constitutional or statutory right, can be the subject of a *valid* waiver.") (Emphasis supplied.)

A waiver is the voluntary relinquishment of a known right. *See Herndon v. Wingo,* Ky., 404 S.W.2d 453, 455 (1966). Thus, in order for there to be a valid waiver of Humphrey's right to a preliminary hearing to determine if his case should be transferred to circuit court, there must be proof that Humphrey voluntarily gave up a right that he knew he had. Although there is no authority in Kentucky that addresses the requisites of a valid waiver, case law from other jurisdictions is instructive on the issue of waiver of the transfer hearing. *See State v. Berry,* 647 So.2d 830 (Fla.1994); *State v. Mayfield,* 241 Kan. 555, 738 P.2d 861 (1987); *State v. N.G.,* 305 N.J.Super. 132, 701 A.2d 976 (1997). Moreover, the state of Texas provides for a waiver of rights by statute. *See* V.T.C.A. Family Code, Sec. 51.09(a). The consensus among those jurisdictions is that the court must inform the child of the right to the preliminary hearing and ensure that the waiver of this right is voluntarily, knowingly and intelligently made. Considering the facts that children require

special considerations due to their intelligence and experience, and the United States Supreme Court has stated that whether a child should be deprived of the special protections of the juvenile justice system is a critically important question, we believe these assurances are necessary to ensure due process and fair treatment of the child. *See Kent*, 383 U.S. 541, 86 S.Ct. 1045, 1053–54, 16 L.Ed.2d 84.

Returning to the facts of this case, Humphrey argues on appeal that, if this Court finds that he could waive the preliminary hearing, then he did not properly waive this right because his waiver was not made knowingly and intelligently. In response, the Commonwealth relies on the document entitled "Waiver of Rights" [Waiver] that both Humphrey and his attorney signed on October 11, 2000, in support of its contention that Humphrey's waiver was voluntary.

 The Waiver at issue is a form that is filled in with Humphrey's name and case number. In pertinent part, it reads as follows:

> I, Victor Humphrey, have consulted with my attorney concerning this waiver and have had the following rights explained to me:
>
> a) the right to have a preliminary hearing before a judge of the Jefferson District Court to determine if there is probable cause to believe that a felony offense has been committed and that I committed such offense before my case is referred to the Jefferson County Grand Jury....

Standing alone, we do not believe this is sufficient to demonstrate that Humphrey's waiver of the transfer hearing was knowingly given. It says nothing of the consequences of waiving the KRS 640.010 hearing, nor does it address the additional considerations set out in KRS 640.010(2)(b) that the district court must find prior to transferring the child's case.

Unfortunately, the infirm Waiver is not cured by any meaningful colloquy between the district court and Humphrey. The dialogue between the district court and Humphrey prior to the transfer is as follows:

> **Judge:** Now, we should probably say it one more time now that Mr. Humphrey has joined us here. Mr. Humphrey, by agreement your two counts of arson 2nd complicity are being waived to circuit court. We are going to dismiss/merge all your other charges. You are going to continue being held on a $50,000 bond. Okay?
>
> **Humphrey:** Yes ma'am.
>
> **Judge:** Okay. That's it.

As to what Humphrey understood about his transfer from district court to circuit court, in his original RCr 11.42 motion, Humphrey asserted that his attorney just told Humphrey that he was taking his case to circuit court. In other words, Humphrey alleged that he was not advised of the consequences of waiving the required preliminary hearing in district court. We do not believe that the Waiver and the recorded discussion between the district court and Humphrey conclusively resolve the fact of a valid waiver. "[I]f there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record," an evidentiary hearing is required. *Fraser v. Commonwealth*, Ky., 59 S.W.3d 448, 452 (2001). Accordingly, we vacate the order of the Jefferson Circuit Court summarily denying Humphrey's RCr 11.42 motion and remand for an evidentiary hearing on the issue of whether Humphrey's waiver was voluntarily, knowingly and intelligently made.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Humphrey asserts that he was denied constitutionally effective assistance of counsel. The test for proving ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The *Strickland* test requires Appellant to show trial counsel's performance was deficient, *and* this deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052, *accord Gall v. Commonwealth*, Ky., 702 S.W.2d 37 (1985).

The two-prong *Strickland* test also applies to challenges to guilty pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203, 210 (1985). Appellant must show the attorney's performance was deficient *and* the attorney's ineffective performance affected the outcome of the plea process. *See id.* Further, in any case, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

In support of his ineffective assistance of counsel claim, Humphrey argues that his attorney's advice to waive the transfer hearing and agree to have the case sent to circuit court fell below an objective standard of reasonableness. Consistent with the previous section, Humphrey contends that a child cannot voluntarily waive a transfer hearing. Moreover, assuming that such a hearing could be waived, Humphrey argues that this is not a case where waiver was advisable. On the issue of how such advice prejudiced Humphrey, he asserts that he did not receive anything in the way of sentence that he likely would not have received over his objection while giving up the strong possibility of remaining in juvenile court.

To bolster his claim of ineffective assistance, Humphrey cites *State v. N.G.*, 305 N.J.Super. 132, 701 A.2d 976 (1997), a New Jersey Superior Court case which held that the failure of a child's attorney to advise the child and/or his mother of both the benefits of voluntary waiver to adult court and the consequences of such a waiver constituted a prima facie showing of ineffective assistance of counsel. *Id.* at 979. To put this holding in context, the child, N.G., had not entered a guilty plea to the charges he faced, and the case had not yet gone to trial. The remedy he sought was the return of his case to the Family Part, or the juvenile court. The court ultimately granted his request after considering a number of factors including the failure on the part of the State to show that the waiver was made knowingly, willingly and voluntarily; the attorney's ineffective assistance; the State's failure to show that the waiver hearing satisfied the basic requirements of due process and fairness; the prejudice to the child if the case remained in adult court; and the lack of prejudice to the State if the matter was returned to juvenile court, where it would proceed pursuant to the requirements of the New Jersey juvenile code. *See id.* at 979. Despite the procedural differences in *State v. N.G.* and this case, we find the court's reasoning persuasive, especially as it pertains to counsel's failure to advise the child as to the consequences of a voluntary waiver to adult court.

Consistent with our decision above, we believe an evidentiary hearing is required on the issue of ineffective assistance of counsel. Although counseled waiver may have constituted legitimate trial strategy, the record does not conclusively prove or disprove whether Humphrey's waiver was indeed counseled. We vacate and remand for an evidentiary hearing on the allegations that Humphrey's attorney (1) gave him no choice about waiver of the transfer hearing, nor (2) did he advise him

of the benefits and consequences of agreeing to waive the preliminary hearing. We further believe the trial court should conduct an evidentiary hearing and make determinations concerning whether counsel rendered ineffective assistance in connection with his advice to waive the transfer hearing and plead guilty to two counts of second-degree arson. Of course, Humphrey will bear the burden of proof in the evidentiary hearing to show that he was not adequately represented. *See Osborne v. Commonwealth,* Ky.App., 992 S.W.2d 860, 863 (1998).

## III. DISTRICT COURT'S FAILURE TO CONDUCT A COMPETENCY HEARING

Humphrey's competency has been an issue during the course of the proceedings against him. In the district court, his first attorney advised the court that she had questions about her client's competency and wanted him evaluated. A psychologist evaluated Humphrey and, in a report dated August 9, 2000, found him competent. After learning of this report and still having doubts about her client's competency, Humphrey's first attorney requested and was subsequently granted funds for a second evaluation. This evaluation never occurred, and the trial court never conducted a competency hearing under KRS 504.100(3).

In this appeal, Humphrey argues that the district court deprived Humphrey of due process by failing to conduct a competency hearing. It is well accepted that "[c]riminal prosecution of a defendant who is incompetent to stand trial is a violation of due process of law under the Fourteenth Amendment." *Mills v. Commonwealth,* Ky., 996 S.W.2d 473, 486 (1999). Moreover, as further stated in *Mills:*

> The competency hearing of KRS 504.100(3) is mandatory and cannot be waived by a defendant. The standard of review in such a case is, "Whether a reasonable judge, situated as was the trial court judge whose failure to conduct an evidentiary hearing is being reviewed, should have experienced doubt with respect to competency to stand trial." *Williams v. Bordenkircher,* 696 F.2d 464, 467 (6th Cir.1983), *cert. denied,* 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 287 (1983).

*Id.* at 486.

■ In this case, we conclude that Humphrey failed to establish any factual basis, which should have caused the district court to experience reasonable doubt as to Humphrey's competence to stand trial. Humphrey does not point to anything, other that his first attorney's hesitance as to Humphrey's competency, that should have alerted the district court that Humphrey was incompetent. Moreover, a psychologist did evaluate Humphrey during the district court proceedings and found him competent at that time. That it was later determined in May of 2001 that Humphrey's competency fluctuated from time to time does not indicate that the district court should have questioned Humphrey's competency in August, September and October of 2000. Accordingly, we believe the district court's failure to conduct a competency hearing was harmless error.

The order of the Jefferson Circuit Court denying Humphrey's RCr 11.42 motion is vacated in part, affirmed in part, and the case is remanded for an evidentiary hearing on the issues discussed above.

TAYLOR, Judge, concurs.

GUIDUGLI, Judge, concurs in part, dissents in part and files separate opinion.

GUIDUGLI, Judge, concurring in part and dissenting in part.

I concur in part and respectfully dissent in part. I believe that Humphrey was entitled to a transfer hearing pursuant to KRS 640.010(2). It should not be waived. This statute provides essential protections for juveniles consistent with the legislative intent set forth in KRS 600.010. Whether a juvenile, his attorney, the Commonwealth or even the District Court Judge wishes to expedite the matter by waiving the hearing is not the important factor in this consideration. Rather it is the protection of rights given to juveniles by the legislature. The use of the term shall denotes that the transfer hearing must take place and that certain factors must be presented prior to transferring a juvenile to circuit court. The consequences of a juvenile being treated as an adult in circuit court are significant and have life-long effects. To mandate the Commonwealth present evidence sufficient under KRS 640.010(2)(b) to justify removing a juvenile from these many protections is not an unreasonable burden. The statute mandates it and the juvenile courts should adhere to it. I concur in all other aspects of the majority opinion.