# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2008-SC-000129-DG
AND
2008-SC-000876-DG

DATE 5-13-10 EllA Graum, D.C.

COMMONWEALTH OF KENTUCKY

APPELLANT/CROSS-APPELLEE

V.

ON REVIEW FROM COURT OF APPEALS
CASE NO. 2007-CA-000172-MR
KNOX CIRCUIT COURT NO. 93-CR-00177

DAVID LAKE

APPELLEE/CROSS-APPELLANT

## MEMORANDUM OPINION OF THE COURT

### REVERSING AND REMANDING

After a jury trial in the Knox Circuit Court, David Lake was convicted of the 1993 murder of Christopher Golden and sentenced to a term of 20 years imprisonment. After the judgment, Lake filed a *pro se* motion for a new trial, with each of the five grounds alleging ineffective assistance of counsel. By order dated August 3, 1994, the trial court denied Lake's motion. A direct appeal to this Court followed. On appeal, Lake raised several issues, again alleging ineffective assistance of counsel. According to Lake, his trial counsel failed to adequately prepare for trial, subpoena necessary witnesses, conduct effective cross-examination, request a change of venue, move for dismissal of

the indictment, and secure his release prior to trial. This Court ultimately affirmed Lake's conviction in an unpublished opinion dated August 24, 1995.[1]

On August 25, 1995, Lake filed a 29-page *pro se* document with the Knox Circuit Court styled as a "Memorandum of Law." This document was filed in support of Lake's "Motion for Appointment of Counsel and Motion to Vacate, Set Aside or Correct his sentence." In addition to arguing that he had a statutory right to appointment of counsel, Lake also set out six alleged instances of ineffective assistance of counsel. These allegations differed from those considered by the trial court in his motion for a new trial and those considered on direct appeal. Specifically, Lake alleged that trial counsel failed to: (1) properly seek a continuance; (2) object to the introduction of photographs of the deceased; (3) object to testimony concerning uncharged criminal conduct; (4) hire an expert witness to dispute the cause of death; and (5) call material witnesses to testify. The sixth allegation of ineffective assistance of counsel was that trial counsel improperly accepted money from the deceased's father to poorly represent him. In addition, Lake alleged that a witness for the Commonwealth committed perjury while testifying. On November 15, 1995, Lake filed with the Knox Circuit Court a *pro se* RCr 11.42 motion. Lake reiterated his claims set forth in his August 25, 1995 "Memorandum of Law." Lake again requested the appointment of counsel to assist him.

---

[1] *Lake v. Commonwealth*, No. 1994-SC-000544-MR (Ky., August 24, 1995).

An amended RCr 11.42 motion was eventually filed on June 30, 1998 with the assistance of counsel. In this motion, two additional issues were raised: (1) trial counsel's waiver of the transfer hearing and stipulation to the juvenile court's findings were invalid; and (2) trial counsel failed to procure an expert witness, despite taking approximately $1,000.00 from Lake's father for that express purpose. By order dated August 18, 1998, the trial court denied Lake's motion without a hearing. Lake appealed the trial court's ruling, and the Court of Appeals upheld the ruling in an unpublished opinion.[2] This Court granted discretionary review and, by order dated September 18, 2002, vacated the decision and remanded the case for an evidentiary hearing in light of the recently rendered opinions in *Norton v. Commonwealth*, 63 S.W.3d 175 (Ky. 2001) and *Fraser v. Commonwealth*, 59 S.W.3d 448 (Ky. 2001).[3]

An evidentiary hearing was finally held on March 11, 2004. The trial court denied Lake RCr 11.24 relief, stating that the motion was successive. The Court of Appeals disagreed and remanded the case for a decision on the merits. The trial court, in a 28-page order discussing all evidence introduced at trial and at the hearing, ultimately denied Lake's motion. The Court of Appeals, relying heavily on *Humphrey v. Commonwealth*, 153 S.W.3d 854 (Ky.App. 2004), reversed the trial court. Based upon *Humphrey*, the Court of Appeals found no evidence in the record that Lake voluntarily, knowingly, and intelligently waived his right to a transfer hearing. Accordingly, the Court of

---

[2] *Lake v. Commonwealth*, No. 1998-CA-002187-MR (Ky.App., June 22, 2001).

[3] *Lake v. Commonwealth*, No. 2001-SC-000562-DG (Ky., September 18, 2002).

3

Appeals vacated the judgment and remanded the case to the Knox District Court, juvenile session. Subsequently, this Court granted discretionary review.

For the following reasons, we reverse the decision of the Court of Appeals and remand this matter to that court for consideration of the remaining issues raised by Lake.

We believe that the Court of Appeals' reliance on *Humphrey* is misplaced. This Court previously remanded this case for an evidentiary hearing, which was conducted in 2004 in accordance with *Norton* and *Fraser*. During this hearing, Lake had the opportunity to raise and argue the allegation that he was unduly prejudiced by trial counsel's stipulation of facts and the ultimate waiver of the preliminary hearing in the juvenile proceedings. After an extensive review of the record, this very issue was mentioned only twice by Lake during direct testimony. In neither instance was the issue further developed by any line of questioning.

It has long been held by courts in this state that "[t]he burden of proof [is] upon the appellant to show that he was not adequately represented by appointed counsel." *Jordan v. Commonwealth*, 445 S.W.2d 878, 879 (Ky. 1969). In order to establish counsel's assistance was so prejudicially ineffective as to require reversal, it is incumbent upon Lake to satisfy a two-part test. First, Lake "must show that counsel's representation fell below an objective standard of reasonableness." Second, Lake "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result

4

of the proceeding would have been different.'" *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)). Even assuming *arguendo* that Lake had neither been advised of his rights, nor had made a voluntary, knowing, and intelligent waiver thereof, no evidence was introduced that the ultimate result would have been different—that Lake would not have been transferred to circuit court. Simply stated, Lake failed to satisfy his burden. To remand this case for yet another hearing on this issue would, in effect, "afford [Lake] a second bite at the apple." *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983) (citing *Alvey v. Commonwealth*, 648 S.W.2d 858 (Ky. 1983)). Lake's failure to produce sufficient evidence during the 2004 evidentiary hearing to meet the high threshold of ineffective assistance of counsel claims precludes him from yet another opportunity to do so.

The other issues raised by Lake before the Court of Appeals were not reached because of the opinion therein remanding the case for a new evidentiary hearing. Thus, we reverse the Court of Appeals in all portions of its opinion and remand this case to the Court of Appeals for consideration of the unresolved issues.

All sitting. All concur.

COUNSEL FOR APPELLANT/CROSS-APPELLEE:

Jack Conway
Attorney General

Gregory C. Fuchs
Assistant Attorney General
Office of Attorney General
Office of Criminal Appeals
1024 Capital Center Drive
Frankfort, KY 40601-8204


COUNSEL FOR APPELLEE/CROSS-APPELLANT:

Mary Gail Robinson
Department of Public Advocacy
100 Fair Oaks, Suite 302
Frankfort, KY 40601