**J.L., a Child Under Eighteen, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**and**

**K.L., a Child Under Eighteen, Appellant,**

**v.**

**Commonwealth of Kentucky, Appellee.**

**Nos. 2010–CA–001090–ME, 2010–CA–001091–ME.**

Court of Appeals of Kentucky.

Feb. 11, 2011.

Rebecca Hobbs, Assistant Public Advocate, Frankfort, KY, for appellants.

No brief filed for appellee.

Before KELLER, NICKELL, and STUMBO, Judges.

*OPINION*

NICKELL, Judge:

J.L., a male child, and K.L., his minor sister, have appealed from separate orders entered on the same date by the Hardin Circuit Court, Family Division, finding them each to be habitual truants and imposing restrictions on their movements and school absences until graduation or until they reach the age of 21, whichever occurs first. After a careful review of the record and the law, we reverse and remand for further proceedings.

On March 31, 2010, juvenile petitions were filed alleging J.L. and K.L. each had an excessive number of unexcused absences from school as well as several unexcused tardies. The children continued to be absent from school subsequent to the filings. On April 23, 2010, the juveniles and their mother appeared in court for arraignment on the charged offenses. The family court discussed at length their absence from a previously scheduled court date from which they believed they had been "excused." The court informed the juveniles and their mother of their right to be represented by counsel, made several inquiries regarding the family's financial situation, and appointed the Department of Public Advocacy (DPA) to represent J.L. and K.L.

On May 7, 2010, the parties appeared again before the family court accompanied by their appointed attorney. The attorney indicated the children would be entering admissions to the charged offenses. J.L. and K.L. were placed under oath. The following brief exchange occurred:

Judge: Alright you can lower your hands. Now I'll need for you to speak a little bit louder. Let me start with [J.L.]. [J.L.] it is my understanding that you're prepared today to admit to being habitually truant, is that true?

J.L.: Yes ma'am.

Judge: Alright, let me note for the record then that the juvenile admits to habitual truancy. [K.L] it is also my understanding that you're prepared today to admit to habitual truancy, is that true?

K.L.: Yes ma'am.

Judge: Alright, I'll note for the record then that the juvenile admits to habitual truancy.

The court then indicated that a juvenile status offense order would be entered. This order would include provisions that the children attend school and comply with other orders of the court until their graduation from high school or until they reached the age of 21, whichever were to come first. The court inquired as to whether the children's attorney would be making an objection about the court's jurisdiction after the children reached 18 years of age, which inquiry was answered in the affirmative.[1] Noting the objection, the court explored the substance of the disposition order with the juveniles. This appeal followed.

■ Before this Court, J.L. and K.L. present two contentions in urging reversal. First, they contend their admissions to the charged offenses must be set aside based on the trial court's failure to ensure the entry of the admissions was knowingly, intelligently and voluntarily made and that

---

1. Although not part of the record before this Court, the briefs for the children indicate that substantive arguments on this issue were presented to the trial court in a different status offender case around the same time as the instant cases were before the court. That unrelated case is presently on appeal to this Court. Because the trial court and the attorneys were aware of the substance of the objection, no further discussion appears in our record.

the juveniles knew the constitutional rights they were giving up by entering such admissions. Second, they contend the trial court acted outside its jurisdiction when it entered the disposition order imposing conditions relating to their education until their twenty-first birthdays.

The entry of an admission of guilt[2] necessarily involves the waiver of numerous constitutional rights. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Before accepting a plea, a court must determine whether the accused fully understands the charges levied against him and the consequences of entering the plea. *D.R. v. Commonwealth*, 64 S.W.3d 292, 294 (Ky. App.2001). A waiver of rights cannot be assumed from a silent record. *Id.* In the recent case of *A.C. v. Commonwealth*, 314 S.W.3d 319, 322 (Ky.App.2010), a panel of this Court reiterated that the requirements of a plea colloquy as set forth in *Boykin* apply with equal force in juvenile status offender cases as they do in adult criminal matters.

Here, the trial court made no apparent attempt on the record to discuss any of these important matters before accepting pleas from the juveniles. Although it appears there may have been an agreement between the parties as to disposition, the trial court made no inquiry as to whether the children understood the terms of any such agreement, the consequences of admitting the underlying charges, or that the admissions were being "knowingly, voluntarily and intelligently" entered.

The record in the present case shows that under any test, the bare minimum for compliance with *Boykin* was not met.

We recognize that juvenile proceedings are by nature less formal than adult proceedings; and we are aware of the great number of cases most district judges handle. *However, juvenile adjudication proceedings must meet constitutional muster,* and this one does not. *Id.* at 323 (quoting *J.D. v. Commonwealth*, 211 S.W.3d 60, 62–63 (Ky.App.2006) (emphasis and alterations in original)). While we understand the heavy loads placed on family courts and the need to streamline their dockets, we cannot condone the violation of any party's constitutional rights. Thus, we must reverse and remand this matter for a new dispositional hearing which passes constitutional muster.

Because we are reversing and remanding based on the constitutional infirmity, J.L. and K.L.'s other allegation of error is moot and warrants no formal discussion. However, we feel it important to note that the record before this Court is severely lacking in support of the jurisdictional argument. The parties and the trial court were obviously aware of the substantive arguments on the matter, but this Court is not privy to discussions had in other unrelated cases. Suffice it to say that a party risks the loss of an otherwise valid argument on appeal if the record before us is incomplete. Merely asking a trial court to note an objection raised in another case is likely insufficient to garner full review by this Court because we are limited to examination of the certified record in each individual appeal. Citation to another case presently under review by this Court which contains similar arguments on similar issues does not satisfy a party's burden of providing us with a complete record, the

---

2. In typical criminal matters, guilty pleas are entered by those charged. In juvenile matters, there is a change in terminology such that charges are "admitted." The ultimate outcome is the same.

absence of which can be fatal to appellate arguments. *See Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky.1985).

For the foregoing reasons, the judgments of the Hardin Circuit Court, Family Division, are reversed and remanded for additional proceedings consistent with this Opinion.

ALL CONCUR.