### THE STATE OF KANSAS v. PET DUNN.
No. 15,355   (90 Pac. 231.)
#### SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Defendant under Sixteen Years of Age— Jurisdiction.*   The provisions of the act creating the juvenile court deprive the district court of all jurisdiction over a child under the age of sixteen years who is charged with a criminal offense, except to transfer the case to the juvenile court.

2. ——— *Plea in Abatement—Age of Defendant—Question for the Jury.*   A plea in abatement in a criminal action in the district court which alleges that the defendant is under the age of sixteen years raises an issue of fact upon which defendant is entitled to have a jury trial.

Appeal from Sedgwick district court; THOMAS C. WILSON, judge.   Opinion filed May 11, 1907.   Reversed.

*Fred S. Jackson,* attorney-general, and *John S. Dawson,* assistant attorney-general, for The State.

*Dale & Amidon,* for appellant.

The opinion of the court was delivered by

PORTER, J.: The question involved is whether appellant was entitled to a trial by a jury of his plea in abatement, which alleged that he was a minor under the age of sixteen years and therefore only liable to be tried for a criminal offense by the juvenile court.

The original complaint was filed in the city court of Wichita, and charged appellant and two others with the crime of assault and robbery upon the person of one William Sutton. The preliminary examination was waived and defendants held to the district court. After the information was filed, and before any proceedings were had, Pet Dunn filed a plea in abatement, alleging that at the time of the preliminary examination he was only fifteen years of age and that by reason of being a minor under the age of sixteen years the district court had no jurisdiction to try him. A demurrer to the plea having been overruled, the state filed an answer denying the facts. When the plea came on for hearing appellant demanded a jury trial, stating that he had several witnesses present whom he desired examined. The demand for a jury trial was refused, and over appellant's objection the court tried the issue raised by the plea in abatement without a jury, upon affidavits, and found against appellant. After arraignment and plea of not guilty the trial proceeded, and appellant was convicted and sentenced to the state penitentiary for a period of not less than ten years nor more than twenty years. He seeks by this appeal to reverse the judgment of conviction.

The juvenile court was established by chapter 190 of the Laws of 1905. The act makes the probate judge in each county the judge of the juvenile court for such county, and that court is given exclusive jurisdiction of all cases where children under sixteen years of age are charged with criminal offenses. The purpose of the act creating the court is to provide for the care, custody and discipline of neglected and dependent children, and to prevent any child under the age of sixteen years from being sent to the state reformatory or to the state penitentiary. In the case of a delinquent child under the age of sixteen years charged with the violation of any criminal law or city ordinance it is provided that the punishment shall rest in the discretion of the judge of the juvenile court,

who is given the power to suspend or remit any sentence imposed. It is expressly provided in section 15 of the act that in no case shall any proceedings, order or judgment of the juvenile court in cases coming within the purview of the act be deemed or held to import a criminal act upon the part of the child. This provision emphasizes the fact that the great underlying motive for establishing the court was to provide for the discipline of wayward children in such a manner that those subjected thereto should thereafter be relieved so far as possible from all taint of crime; and to prevent children who have become neglected and dependent for lack of parental care, and who have violated the criminal laws, from being thrown into association with hardened criminals and thus becoming members of the criminal class. Section 2 provides that "the words 'delinquent child' shall include any child under the age of sixteen years who violates any law of this state or any city, town or village ordinance." Section 11 provides as follows:

"When a child under the age of sixteen years is arrested, with or without a warrant, such child shall, instead of being taken before a justice of the peace or police magistrate or judge or any other court now or hereafter having jurisdiction of the offense charged, be taken before such juvenile court; or if the child shall have been taken before a justice of the peace or police magistrate or judge of such court, it shall be the duty of such justice of the peace or police magistrate or judge of such court to transfer the case to such juvenile court, and of the officer having the child in charge to take such child before said court." (Laws 1905, ch. 190, § 11.)

The judge of the juvenile court may in his discretion place any delinquent child brought before him in some institution for the care of children or in the custody of some suitable person, or find a permanent home for such child where it shall at all times be subject to the friendly supervision of the probation officer or the further order of the court. An appeal to the

district court from the final order of commitment by the juvenile court is allowed to any child, but it is expressly provided that upon the final hearing of the appeal the case shall be heard and disposed of in the spirit of the act and in the exercise of all the powers and discretion given to the juvenile court. The spirit of the act accords with the advanced ideas which everywhere prevail of the relations which the state bears to those unfortunate children who have suffered neglect and have been denied the advantages of proper parental care. Its wise and beneficent provisions demand a liberal construction, and the act itself, in express words, imposes upon all courts the duty of so construing it.

The legislature has thus provided that no court or judge or magistrate except the judge of the juvenile court shall have jurisdiction over any child under the age of sixteen years who may be charged with a criminal offense, and that no such child shall be punished by being sentenced to the state reformatory or state penitentiary.

The plea in abatement alleged matters which, if found to be true, deprived the district court of all jurisdiction except to transfer the action to the juvenile court. It set up facts which could not be determined by an inspection of the record, and which, having been traversed by the answer of the state, should have been tried in the same manner that other facts are tried and determined in the court where the issue was raised.

There are cases holding that in a criminal action a plea in abatement which raises an issue of fact must always be submitted to a jury. Most of these cases proceed apparently upon the theory that to deny a jury trial of such a plea deprives defendant of a constitutional right. (*Day's Case v. The Commonwealth*, 2 Grat. [Va.] 563; *State v. Malia*, 79 Me. 540, 11 Atl. 602; *Cooper v. The State*, 21 Ark. 228; *Bohanan v. The State*, 15 Neb. 209, 18 N. W. 129; *State v. God-*

*dard,* 162 Mo. 198, 62 S. W. 697; *Bean et al. v. The State,* 126 Ala. 1, 28 South. 578. See, also, Wharton, Crim. Pl. & Pr., 8th ed., § 425; 12 Cyc. 360, and cases cited.) In some cases the point turns upon a statutory provision for the submission to a jury of issues of fact joined upon an indictment or information. (*Jackson v. The State,* 91 Wis. 253, 64 N. W. 838; *Baker v. The State,* 80 Wis. 416, 50 N. W. 518.) Aside from any constitutional question, however, and in the absence of express statutory procedure for the trial of pleas in abatement in criminal actions, we are satisfied that appellant was entitled to have the issue of fact raised by this plea in abatement tried and determined as other questions of fact are tried and determined in the district court, and that it was error to refuse to submit the issue to a jury.

The cause is reversed and remanded.