No. 25,074.

*In re* JOSEPH SWEHLA (ROMEO SWEHLA, *Appellant*), v. H. B. MALONE, Respondent, *Appellee.*

SYLLABUS BY THE COURT.

1. HABEAS CORPUS — *Defendant Under Sixteen Years of Age — Police Court Without Jurisdiction—Judgment Absolutely Void.* The juvenile court has exclusive jurisdiction to try all children under sixteen years of age for offenses charged to have been committed by them, and a judgment of conviction of the police court of a child under that age is absolutely void.

2. SAME—*Judgment of Inferior Court—Not Open to Presumption of Verity of Proceedings.* A judgment of an inferior court of limited jurisdiction is not open to the presumption of verity and validity accorded to judgments of superior courts of general jurisdiction.

3. SAME—*Judgment of Police Court—Open to Collateral Attack.* The judgment of the police court was open to collateral attack for lack of jurisdiction and when its jurisdiction was challenged the absence of jurisdiction could be shown by extrinsic evidence.

Appeal from Ellsworth district court; DALLAS GROVER, judge. Opinion filed November 10, 1923. Reversed.

*O. A. Wilson,* of Ellsworth, for the appellant.
*Samuel E. Bartlett,* of Ellsworth, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a proceeding in habeas corpus originally brought in the probate court of Ellsworth county by Romeo Swehla to obtain the release of his son, Joseph Swehla, from the custody of H. B. Malone, the city marshal of the city of Ellsworth.

Joseph Swehla was prosecuted in the police court of the city of Ellsworth for driving an automobile through the public streets of the city at an excessive rate of speed in violation of a city ordinance. He was arrested and brought before that court where a trial

Swehla v. Malone.

was had which resulted in the conviction and a sentence to pay a fine of $5 and stand committed until the fine and costs were paid. Neither the fine nor the costs have been paid, nor has any appeal been taken from the judgment. Instead the petitioner applied to the probate court for a release of Joseph on the ground that the police judge had no jurisdiction to try the complaint or impose the judgment that was rendered. He alleged that Joseph Swehla was a minor under the age of sixteen years at the time the complaint against him was filed in the police court and therefore that the judgment rendered was without force. The probate court held that Joseph was entitled to a release and discharged him. The marshal and the city of Ellsworth appealed from the judgment to the district court and that court sustained a motion for judgment on the pleadings and remanded the prisoner to the custody of the marshal. From that judgment the petitioner appeals.

It is alleged and not specifically denied that Joseph was less than sixteen years of age, and the proceedings in the police court do not show that any inquiry was made as to his age. It is contended by the petitioner that under the juvenile court act when a minor under sixteen years of age is arrested, he must be taken at once before the juvenile court and no justice of the peace or police magistrate shall have jurisdiction of the offense charged, but he shall transfer the case to the juvenile court, and that no punishment or penalty can be imposed against delinquents under the age of sixteen years by any other court or officer other than the judge of the juvenile court. (Gen. Stat. 1915, §§ 3075, 3077, 3078.) It is therefore insisted that the minor being under sixteen years af age the police court was without jurisdiction and that its judgment is absolutely void.

On the other hand the city contends that the defendant is not entitled to the remedy of habeas corpus as a final judgment was rendered against him in the police court and the judgment rendered determined every question including the age of the minor, and however erroneous or irregular or whatever lack of evidence there may have been, the judgment must be sustained as against an attack by habeas corpus. The appellee argues that since it appears that a complaint was filed, a warrant issued, an arrest made and the prisoner brought before the court where a trial was had, and a judgment rendered imposing a fine it must be presumed and held that the court had jurisdiction of his person and of the subject mat-

ter of the charge and had adjudicated every question involved in the case, including the essential fact that the prisoner was more than sixteen years of age and was subject to the jurisdiction of the court. It is further argued that all the essential elements are conclusively presumed to be included in the judgment whether or not they are in fact recited in it and therefore it is not open to collateral attack. There was no recital in the judgment in respect to the age of the prisoner. After reciting the appearances it proceeded:

"Thereupon the city introduces its evidence and rests. Thereupon the defendant makes a statement in his own behalf. Thereupon the court, being fully advised in the premises, finds that the defendant has violated the ordinance of the city of Ellsworth as charged in said complaint and he is guilty of the offense charged in said complaint and is subject to the penalty provided for in the said city ordinance. Thereupon the defendant is asked if he has any cause to show why the judgment of the court should not be pronounced against him and none appears."

These recitals were followed by the judgment imposing a fine and committing him to jail until the fine and costs were paid.

If the child prosecuted and convicted was under the age of sixteen years, the police court was absolutely without jurisdiction to try the case. The statute vests the juvenile court with exclusive jurisdiction of all cases where children under that age are charged with criminal offenses. (Laws 1905, ch. 190; Laws 1917, ch. 154; *The State v. Dunn,* 75 Kan. 799, 90 Pac. 231). It has been decided that:

"A judgment rendered with jurisdiction can never be impeached in a collateral proceeding; but a judgment rendered without jurisdiction may. In fact, a judgment rendered without jurisdiction is no judgment at all." (*Mastin v. Gray,* 19 Kan. 458, 466.)

No finding made by a court which is prohibited by law from taking jurisdiction in trying a case is of any force or effect.

The contention that because the police court assumed jurisdiction and tried and determined the case, the law will presume that it acted within its authority, cannot be upheld. The presumption of verity and validity accorded to judgments of superior courts of general jurisdiction, does not apply to inferior courts of special and limited jurisdiction. It has been held that even judgments of superior courts may be impeached collaterally and by extrinsic evidence where there is a lack of jurisdiction. (*Foreman v. Carter,* 9 Kan. 674; *Hanson v. Wolcott,* 19 Kan. 207; *Mastin v. Gray,* supra; *Ewing v. Mallison,* 65 Kan. 484, 70 Pac. 369.) However, the police

Swehla v. Malone.

court is one of inferior and limited jurisdiction and the presumption relied on cannot be indulged in favor of its judgments. As to inferior courts it has been decided that the judgment of an inferior tribunal upon a matter over which it has jurisdiction cannot be assailed collaterally for errors or irregularities subsequent to acquiring jurisdiction. The jurisdiction, to be complete so as to preclude collateral attack, must exist both as to subject matter and as to the parties, and the recital of jurisdictional facts in the record may be shown to be false by evidence *aliunde*. (*Smith v. Clausmeier,* 136 Ind. 105; 22 C. J. 1082; 15 R. C. L. 881.) The judgment was therefore open to collateral attack for lack of jurisdiction and when jurisdiction was challenged in this proceeding it was competent for the appellant to show by extrinsic evidence the absence of the jurisdictional facts. *In re Wallace,* 75 Kan. 432, 89 Pac. 687, is cited as an authority that the judgment was conclusive evidence of jurisdiction and was not open to collateral attack. There the power of the district court to sentence one under sixteen years of age, who had been convicted of burglary and larceny to confinement in the reformatory, was contested and it was contended that under the juvenile act he could not be committed to that institution. In that case it was the district court, a court of general jurisdiction, that determined the questions and imposed the sentence. It found that the petitioner was more than sixteen years of age and was subject to the punishment imposed. The judgment recited that a trial was had in that court in respect to the age of the defendant. There was no occasion in that case to resort to implications or to indulge in presumptions, as the fact of age was a litigated one and there was an express finding of the fact upon which the jurisdiction rested. The district court had jurisdiction of offenses committed by persons who were over sixteen years of age, and the record of the trial disclosed that Wallace was more than sixteen years of age at the time of his trial. In that case it was said:

"The jurisdiction of the court and the legality of the sentence are open to inquiry in habeas corpus, and if it appeared from the face of the record that Wallace was less than sixteen years of age the sentence would be illegal and he would be entitled to a discharge in this proceeding." (p. 434.)

Here the judgment was rendered by an inferior court and the presumption that it had jurisdiction of the person and subject matter cannot be indulged. Besides, the judgment itself did not contain a recital of the jurisdictional facts. Again, the district court de-

termined the application for the writ of habeas corpus upon the pleadings and papers in the proceeding without evidence other than was contained in them. The motion for judgment on the pleadings and papers practically admitted the facts stated therein to be true. These showed that the boy was less than sixteen years of age and there was no showing to the contrary. From these it appeared that the police court was without jurisdiction, and hence its judgment was void.

The judgment of the district court is therefore reversed with the direction for the discharge of Joseph Swehla.