NOT DESIGNATED FOR PUBLICATION

No. 118,373

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MUHAMMAD I. WALIALLAH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; R. WAYNE LAMPSON, judge. Opinion filed October 19, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *James Antwone Floyd*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.

PER CURIAM: Defendant Muhammad I. Waliallah challenges the sentence he received in Wyandotte County District Court in 1996 for second-degree murder after he had been referred from juvenile court for prosecution as an adult. Waliallah now contends the district court lacked jurisdiction because the murder charge had been dismissed and refiled after the juvenile court referral, rendering both the sentence and the conviction illegal. The district court rejected that argument. Under the statutes in effect when

1

Waliallah was referred from juvenile court and later pleaded guilty in district court, we see no error and affirm.

The facts of Waliallah's underlying criminal activity that took place in November 1995 are irrelevant. The issue before us turns on the procedural progression of the case and the governing statutes. A few days after the incident, the State charged Waliallah in juvenile court with what would be first-degree murder if committed by an adult. In December, the juvenile court referred Waliallah for prosecution as an adult in the district court given his age—he was 17 years old—and the seriousness of the alleged wrongdoing.

In the district court, the State charged Waliallah with first-degree murder and aggravated robbery. Those charges were dismissed at a preliminary hearing in late February 1996. The record on appeal does not include a transcript from the preliminary hearing, so the circumstances of the dismissal are less than apparent. The State refiled the same charges against Waliallah the next day in what was a new criminal case in the district court.

As part of a deal with the State, Waliallah pleaded guilty in June to an amended charge of second-degree murder. The State dismissed the aggravated robbery charge. In September, the district court sentenced Waliallah to serve 180 months in prison followed by postrelease supervision for 36 months.

In response to a motion Waliallah filed, the district court found the sentence to be illegal in 2004 and reduced the term of imprisonment to 103 months.

Last year, Waliallah filed another motion alleging his sentence in this case was illegal under K.S.A. 22-3504 because the district court lacked jurisdiction when it

2

originally sentenced him in 1996. The district court summarily denied the motion. Waliallah has timely appealed that ruling.

As provided in K.S.A. 22-3504(1), an illegal sentence may be corrected at any time. The Kansas Supreme Court has recognized a sentence is illegal if the district court lacks jurisdiction. *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012). That ground has since been codified in K.S.A. 2017 Supp. 22-3504(3), which defines illegal sentences.

Waliallah basically argues that after the district court dismissed the charges at the preliminary hearing, the State could not simply file a new criminal case but had to return to the juvenile court and obtain another referral to the district court. And he says the failure to do so deprived the district court of jurisdiction in the refiled criminal case. Waliallah relies on *State v. Breedlove*, 285 Kan. 1006, 1014, 179 P.3d 1115 (2008), and *State v. Mayfield*, 241 Kan. 555, 561, 738 P.2d 86 (1987), for the proposition that if a district court lacks jurisdiction to impose a sentence, not only must the sentence be vacated but the underlying conviction must be reversed. He requests comparable relief here.

Those cases do recognize that absent a proper referral from juvenile court, a district court has no jurisdiction over defendants who allegedly committed criminal offenses when they were less than 18 years old. *Breedlove*, 285 Kan. at 1013-14; *Mayfield*, 241 Kan. at 561. In other words, the State must start in juvenile court when it charges an individual with criminal conduct he or she allegedly engaged in as a juvenile and cannot simply jump into district court. Without a proper juvenile court referral, the district court lacks jurisdiction over the criminal case, and the proceedings would be void. See *State v. Belcher*, 269 Kan. 2, 8, 4 P.3d 1137 (2000); *In re Estate of Heiman*, 44 Kan. App. 2d 764, 766, 241 P.3d 161 (2010).

3

But the Kansas Supreme Court has since held that, at least as a general principle, a motion to correct an illegal sentence cannot be used to attack the legal sufficiency of a conviction and thus the resulting sentence. *Sims*, 294 Kan. 821, Syl. ¶ 1. The motion must directly challenge the sentence. And, presumably, a motion to correct an illegal sentence would be moot if the defendant has already served the sentence. Cf. *State v. Kinder*, 307 Kan. 237, 243, 408 P.3d 114 (2018) ("[B]ecause Kinder's sentence of confinement already has been served, there can be no sentence to be suspended."); *State v. Montgomery*, 295 Kan. 837, 841, 286 P.3d 866 (2012) (appeal challenging probation revocation moot when defendant has served full sentence).

When Waliallah filed his motion in 2017, he plainly was in the custody of the Kansas Department of Corrections serving *a* sentence. The record, however, does not establish that it was the sentence in this case—something that seems unlikely, since the sentence wound up being 103 months or less than nine years and he began serving the time in 1996. If Waliallah has completed his sentence, then his motion and this appeal might be moot. There simply would be no extant sentence, legal or otherwise, on the second-degree murder conviction. Whether Waliallah remains in custody because of this sentence is a knowable fact, just not one discernible from this record. Rather than hold up this appeal to ferret out that information through a limited remand to the district court or some other means, we take up the merits of Waliallah's argument.

The argument hinges on the statutory language in effect in 1995 and 1996 governing the referral of juvenile offenders for prosecution as adults. See K.S.A. 38-1636 (Furse 1993). Statutory interpretation presents a question of law over which appellate courts exercise unlimited review. *State v. Turner*, 293 Kan. 1085, 1086, 272 P.3d 19 (2012) (interpretation of statute presents question of law); *Unruh v. Purina Mills*, 289 Kan. 1185, 1193, 221 P.3d 1130 (2009) ("Interpretation of a statute is a question of law over which [an appellate] court has unlimited review.").

In construing a comprehensive statutory scheme such as the juvenile code, an appellate court must, as a first priority, strive to honor the legislative intent and purpose. *In re Marriage of Traster*, 301 Kan. 88, 98, 339 P.3d 778 (2014). The court should look first to the words of the statutes to discern legislative intent. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 725-26, 317 P.3d 70 (2014). If particular language is open to more than one reasonable interpretation, a court may consider the overall statutory purpose and favor a reading that comes to a "consistent, harmonious, and sensible" result effectuating that purpose. *In re Marriage of Traster*, 301 Kan. at 98; see *John M. Denman Oil Co. v. Kansas Corporation Comm'n*, 51 Kan. App. 2d 98, 104, 342 P.3d 958 (2015) (statute reasonably construed to impose joint and several liability on parties responsible for plugged or abandoned oil wells as "support[ing] the obvious statutory purpose of avoiding [water] pollution"). Judicial interpretation should not add something to the statutory language or take away something already there. *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, Syl. ¶ 6, 154 P.3d 494 (2007).

With those principles in mind, we look at the key provision of the juvenile code when Waliallah was referred for prosecution in the district court. In pertinent part, K.S.A. 38-1636(f) (Furse 1993) provided:

> "The court may authorize prosecution as an adult upon completion of the hearing if the court finds that the respondent was:
>
> . . . .
>
> "(3) 16 or more years of age at the time of the alleged commission of the offense and that there is substantial evidence that the respondent should be prosecuted as an adult for the offense . . . . In that case, the court shall direct the respondent be prosecuted under the applicable criminal statute and that the proceedings filed under this code be dismissed."

Under the statute, the juvenile court authorizes the prosecution of an individual as an adult in the district court. The authorization attaches to the individual and remains in

effect throughout any prosecution. The referral is *not* a transfer of the juvenile proceeding to the district court, so that the disposition of the particular case concludes the referral. In other words, once a juvenile over the age of 16 was referred for adult prosecution, the district court acquired and maintained jurisdiction over the individual. At no point would district court jurisdiction revert to the juvenile court.

The dismissal of a criminal case without prejudice at a preliminary hearing or otherwise does not preclude the State from refiling the charges and, thus, continuing the prosecution of the named defendant. The language in K.S.A. 38-1636(f) (Furse 1993) places a juvenile over the age of 16 in precisely the same posture upon referral for prosecution as an adult. Accordingly, the dismissal of the criminal charges against Waliallah without prejudice did not cut off the district court's jurisdiction. Had the Legislature intended something else, it would have said so.[*]

[*]For example, as we have indicated, the Legislature could have adopted a process transferring the specific juvenile proceeding to district court for disposition under the substantive and procedural codes governing criminal cases rather than broadly referring the individual for prosecution. With that kind of limited referral, a dismissal in the district court would leave no pending case and no continuing jurisdiction over the individual, so the State presumably would have to initiate any further proceedings in the juvenile court. Even more explicitly, the Legislature could have said a dismissal of the criminal case requires that any new proceeding begin in the juvenile court. Absent such directive language, we would have to read something into the statutory language not readily found there to accept Waliallah's position.

Other aspects of the juvenile code cut against Waliallah's argument. The statute provides that upon referral, the juvenile court proceedings for 16 and 17 year olds be dismissed, suggesting a complete break between the juvenile court and the prosecution in the district court. But that portion of K.S.A. 38-1636(f) (Furse 1993) governing the referral of 14 and 15 year olds for adult prosecution does not call for dismissal of the juvenile court proceedings. Likewise, if referred 14 or 15 year olds are convicted of lesser included offenses in the district court, they are to be treated as juvenile offenders and are

6

to be punished with authorized juvenile dispositions rather than adult sentences. The Legislature provided no comparable merging of juvenile court proceedings and district court prosecutions for referred 16- and 17-year-old juveniles.

Waliallah argues that K.S.A. 38-1636(h) (Furse 1993) supports his position, but the argument is misplaced. That subsection states: "If the [referred juvenile] is convicted, the authorization for prosecution as an adult may attach and apply to any future acts by the [referred juvenile] which are or would be cognizable under this code if the order of the court so provides." The statute dispenses with any requirement for an additional referral for later wrongdoing if a referred juvenile has been convicted as an adult in district court. We fail to see what bearing that has on Waliallah's circumstance. The State simply refiled the same charges based on the same wrongful act following a dismissal without prejudice. The dismissal was neither a conviction nor an acquittal. And the State was not trying to prosecute Waliallah for other wrongful acts. So K.S.A. 38-1636(h) (Furse 1993) seems, at best, inapposite for Waliallah. The provision arguably weighs against him in the sense the Legislature gave expansive legal effect to a district court conviction and at the same time chose to include nothing in the statute constricting the effect of a dismissal without prejudice. We attribute little to K.S.A. 38-1636(h) (Furse 1993) on this issue other than to conclude it doesn't help Waliallah.

In sum, we find no support for the premise underlying Waliallah's motion and, therefore, reject the idea that the juvenile code in effect in 1995 and 1996 required a new juvenile court referral for his prosecution after the district court dismissed the criminal charges against him without prejudice.

Affirmed.

7