Nos. 128,841
128,842

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of I.H. and A.W.

SYLLABUS BY THE COURT

1.

Kansas has a historical tradition of considering the applicability of the Revised Kansas Juvenile Justice Code, K.S.A. 38-2301 et seq., based on the age of the offender when the crime is committed.

2.

A juvenile may only be prosecuted as an adult if the juvenile was 14 years or older at the time of the commission of the crime. As a result, a motion to authorize prosecution of a juvenile as an adult under K.S.A. 38-2347 is appropriate only if the juvenile was at least 14 years old when the offense was committed.

Appeal from Butler District Court; JOE E. LEE, magistrate judge. Submitted without oral argument. Opinion filed March 27, 2026. Affirmed.

*Cheryl M. Pierce*, assistant county attorney, for appellant.

*Gerard C. Scott*, of Wichita, for appellee I.H.

*Jess W. Hoeme*, of Joseph Hollander & Craft LLC, of Wichita, for appellee A.W.

Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.

PICKERING, J.:  This case concerns the State's ability to prosecute a juvenile as an adult when the juvenile allegedly committed the offense of murder at the age of 13.

1

Following the events that led to the discovery of a homicide, the State sought to prosecute two minors, I.H. and A.W., as adults for the crime. While the two juveniles were 14 years old at the time of the filed criminal charges, they were both 13 years old when they allegedly committed the crime. The district court held that the State lacked statutory authority to prosecute the two juveniles as adults because the two juveniles were under 14 years of age at the time of the offense. The State now appeals, claiming the district court erred in its reading of K.S.A. 38-2347(a)(1).

We are therefore presented with a question of first impression:  Does the State have statutory authority to prosecute a juvenile as an adult once the juvenile turns 14 years of age although the offense was committed when the juvenile was under the age of 14? We hold the statute does not grant the State such authority. Thus, from our review of the record, we find the district court did not err in its ruling and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2023, police responded to a reported homicide. Following a law enforcement investigation, I.H. and A.W. were identified with committing the crime; however, no criminal charges were filed against either juvenile in 2023. At the time of the offense, both I.H. and A.W. were 13 years old.

On August 19, 2024, the State charged I.H. and A.W. with murder in the first degree. When the State filed the charges, both I.H. and A.W. were 14 years old. The State also moved to prosecute I.H. and A.W. as adults under K.S.A. 38-2347(a)(1).

In its supplemental court filings, the State argued that the statute authorized the State to prosecute the two juveniles as adults. The State contended that because I.H. and A.W. were 14 at the time the State filed charges, i.e., after the "commencement of proceedings," K.S.A. 38-2347(a)(1) applied.

2

A.W. responded that K.S.A. 38-2347(a)(1) did not apply because she was 13 years old at the time of the offense. Based on these same grounds, I.H. also objected to being prosecuted as an adult at the hearing on the State's motion.

The district court determined K.S.A. 38-2347(a)(1) did not apply to the two juveniles who allegedly committed the crimes before reaching the age of 14. The district court found the language of K.S.A. 38-2347(a)(1) stating that "[n]o juvenile less than 14 years of age shall be prosecuted as an adult" applied at the time of the charged offense. As a result, because both I.H. and A.W. were 13 years old at the time of the offense, the court denied the State's motion to charge them as adults. The State challenges the district court's interpretation of K.S.A. 38-2347 and its subsequent ruling.

ANALYSIS

*The State Has No Statutory Authority to Prosecute a 14-Year-Old Juvenile as an Adult for a Crime Committed When the Juvenile Was Under the Age of 14*

*Standard of Review*

This case involves our statutory interpretation of K.S.A. 38-2347. Statutory interpretation presents a question of law over which we have unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

The most fundamental rule of statutory construction is the intent of the Legislature governs if that intent can be ascertained. "An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings." *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022). If a statute is unambiguous, "an appellate court should not speculate about the legislative

3

intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words." 315 Kan. at 698.

Where there is no ambiguity, the court does not need to resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. *State v. Betts*, 316 Kan. 191, 198, 514 P.3d 341 (2022).

*Discussion*

Before us, the State argues the district court erred in finding that K.S.A. 38-2347(a)(1) prohibits prosecuting I.H. and A.W. as adults. The State focuses on three portions of K.S.A. 38-2347(a)(1) in support:

- "at any time after commencement of the proceedings";
- "prior to the beginning of an evidentiary hearing at which the court may enter a sentence"; and
- "[n]o juvenile less than 14 years of age shall be prosecuted as an adult."

The State is asking us to read these three clauses together and find a clear legislative intent that the relevant date for moving to prosecute a juvenile as an adult is not "at the time of the offense," but rather the date the action is filed. The State also stresses that the phrase "at the time of the offense" is not contained anywhere within K.S.A. 38-2347(a)(1)—although the pre-2016 amendments to K.S.A. 38-2347 did include "at the time of the offense." See K.S.A. 2014 Supp. 38-2347(a)(1) and (a)(2). The State argues this is further evidence that the Legislature no longer intended to limit the application to a juvenile's age at the time of the offense.

In comparison, A.W. argues that Kansas caselaw "continues to interpret K.S.A. 38-2347 as referring to the age of the juvenile at the time of the offense for determining eligibility for adult prosecution." A.W. also contends that, when the Legislature amended K.S.A. 38-2347, it did not remove the phrase "at the time of the offense" to allow prosecution of juveniles as adults based on the juvenile's age at the filing of the complaint. Rather, the Legislature removed the phrase to eliminate the presumption that some juveniles were presumptively adults based on their age and the nature of the alleged crimes.

In answering this question, we begin with the definitions of "juvenile" and "juvenile offender." The Legislature has defined "'[j]uvenile'" as a person who "(1) [i]s 10 or more years of age but less than 18 years of age; (2) is alleged to be a juvenile offender; or (3) has been adjudicated as a juvenile offender and continues to be subject to the jurisdiction of the court." K.S.A. 38-2302(n); *State v. Brown*, 300 Kan. 542, 549, 331 P.3d 781 (2014). A "'[j]uvenile offender'" is "a person who commits an offense while 10 or more years of age but less than 18 years of age which if committed by an adult would constitute the commission of a felony or misdemeanor as defined by K.S.A. 21-5102." K.S.A. 38-2302(s).

The statutory authority for adult prosecution of a juvenile is found in K.S.A. 38-2347(a)(1):

> "Except as otherwise provided in this section, at any time after commencement of proceedings under this code against a juvenile and prior to the beginning of an evidentiary hearing at which the court may enter a sentence as provided in K.S.A. 38-2356, and amendments thereto, the county or district attorney or the county or district attorney's designee may file a motion requesting that the court authorize prosecution of the juvenile as an adult under the applicable criminal statute. The juvenile shall be presumed to be a juvenile, and the presumption must be rebutted by a preponderance of the evidence. No juvenile less than 14 years of age shall be prosecuted as an adult."

5

K.S.A. 38-2347(a)(1) details the mechanism by which the State may prosecute a juvenile as an adult:  The State must file a motion to prosecute the juvenile as an adult, and the motion must be filed before the juvenile adjudication hearing begins. But once jeopardy attaches, the State may no longer move to prosecute the juvenile as an adult. See *Breed v. Jones*, 421 U.S. 519, 531, 95 S. Ct. 1779, 44 L. Ed. 2d 346 (1975) ("Jeopardy attached when respondent was 'put to trial before the trier of the facts,' that is, when the Juvenile Court, as the trier of the facts, began to hear evidence. [Citation omitted.]").

The statute then establishes the burden of proof the State must meet before the district court may authorize prosecution as an adult. A juvenile is presumed to be a juvenile, and this fact is only rebutted by a preponderance of the evidence. The final sentence identifies who may *not* be prosecuted as an adult:  "No juvenile less than 14 years of age shall be prosecuted as an adult." K.S.A. 38-2347(a)(1).

Contrary to the State's position, neither the language of K.S.A. 38-2347(a)(1) nor the definition of a juvenile refers to the juvenile's age when the complaint is filed. While the statute establishes procedurally when a motion to authorize prosecution as an adult must be filed, the language does not identify *who* may be the subject of a motion to authorize adult prosecution. Instead, either K.S.A. 38-2347(a)(1) applies only when a juvenile was at least 14 years of age when the juvenile committed the crime, or K.S.A. 38-2347(a)(1) applies to any juvenile at least the age of 14 at the time a motion to authorize prosecution as an adult is filed. In other words, it is unclear whether the subject must be 14 years of age at the time of the offense. As a result, we find K.S.A. 38-2347(a)(1) is ambiguous.

Because we have determined the statute is ambiguous, we use canons of construction or legislative history to construe the Legislature's intent. See *Betts*, 316 Kan. at 198. We begin with the canons of construction.

*Canons of Construction*

> *The State's interpretation of K.S.A. 38-2347 could lead to superfluous legislation or absurd results.*

"[C]ourts must construe statutes to avoid absurd or unreasonable results [and] presume the Legislature does not intend to enact meaningless legislation." *State v. Gomez*, 320 Kan. 3, 15, 561 P.3d 908 (2025). Under the State's interpretation of K.S.A. 38-2347(a), the 2016 amendments changing a juvenile's age of prosecution from 12 years to 14 years would be unnecessary and would violate the canon against surplusage. See *Potter v. United States*, 155 U.S. 438, 446, 15 S. Ct. 144, 39 L. Ed. 214 (1894) (The presence of statutory language "cannot be regarded as mere surplusage; it means something."). Essentially, the State could simply wait until the juvenile turned 14 years old then move to prosecute the juvenile as an adult, even though the crime was committed when the juvenile was under the age of 14.

This is exactly what occurred here. The State waited until the juveniles had reached the age of 14 before filing the charges for crimes committed before the offenders turned 14 years old. As a result, the 2016 legislation amending the age for the adult prosecution of a juvenile from age 12 to age 14 would be meaningless since the juvenile would still be prosecuted as an adult for crimes committed when under the age of 14.

The State's interpretation could also lead to absurd results. K.S.A. 38-2303 establishes the various time limitations for the commencement of proceedings under the Revised Kansas Juvenile Justice Code, K.S.A. 38-2301 et seq. (Code). Most proceedings "shall be commenced within two years after the act giving rise to the proceedings is committed." K.S.A. 38-2303(d). Other acts—like rape, murder, aggravated criminal sodomy, terrorism, or the illegal use of weapons of mass destruction—which would constitute a crime if committed by an adult, "may be commenced at any time." K.S.A.

7

38-2303(a). "A proceeding under this code is commenced when a complaint or information is filed, or an indictment returned, and a warrant thereon is delivered to the sheriff or other officer for execution." K.S.A. 38-2303(g).

A hypothetical illustrates the absurdity of the State's requested interpretation. Assume a 10-year-old juvenile committed a murder while trying to rob a victim. The State could decline to prosecute for four years then commence a juvenile proceeding and request authorization to prosecute the juvenile as an adult. If the juvenile was convicted as an adult, the juvenile would be sentenced to life imprisonment without the possibility of parole for 25 years. See K.S.A. 21-6620(b)(1). The earliest possible release date for the juvenile would be after the juvenile's 39th birthday.

In contrast, if the same juvenile offender was sentenced under the Code, the offender "may be committed to a juvenile correctional facility for a minimum term of 60 months and up to a maximum term of the offender reaching the age of 22 years, six months." K.S.A. 38-2369(a)(1). Assuming the juvenile offender was sentenced while still 10 years old, the offender would serve a maximum sentence of 12.5 years in a juvenile correctional facility.

Under the State's requested interpretation of K.S.A. 38-2347(a)(1), the juvenile offender's sentence could potentially increase from a maximum of 12.5 years in a juvenile correctional facility to a minimum of 25 years in an adult prison. This reading of the statute runs counter to the main goals of the Code: "to promote public safety, hold juvenile offenders accountable for their behavior and *improve their ability to live more productively and responsibly in the community*." (Emphasis added). K.S.A. 38-2301.

Further, the State's manner of interpreting K.S.A. 38-2347 defies how a statute is to be read. "'[A] statute should be so construed that effect be given if possible to every clause and section of it.'" *Wyandotte County Comm'rs v. Adams*, 155 Kan. 160, 163, 123

P.2d 818 (1942). The State's selectively chosen language does not support its requested interpretation—that K.S.A. 38-2347(a)(1) applies if the juvenile is more than 14 years of age at the time the complaint is filed. Essentially, the State is cherry-picking language from the first sentence of K.S.A. 38-2347(a)(1)—identifying when a motion to authorize prosecution as an adult may be filed—and applying it to the final sentence to suggest that a juvenile's age at the time of the filing of the complaint controls whether the State may seek a motion to authorize prosecution as an adult.

Recognizing that canons of construction are not conclusive and given that it is not entirely clear that the meaning of K.S.A. 38-2347 is discernible in light of the applied canons of construction, we will also consider legislative history. See *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119, 121 S. Ct. 1302, 149 L. Ed. 2d 234 (2001).

*Legislative History*

*The Legislature extensively modified the juvenile justice system.*

In 2016, the Kansas Legislature passed Senate Bill 367, which overhauled the Code. *In re Z.T.*, No. 122,189, 2020 WL 3393793 at *2 (Kan. App. 2020) (unpublished opinion). The Legislature enacted a comprehensive reform bill which sought to address the flaws in the Kansas juvenile justice system. At the time, Kansas juveniles had a higher recidivism rate than the national average. The system, according to a consultant's report, functioned "inadequately due to a tangled organizational structure, inappropriate assignment of youths to detention facilities, poor use of mental health and substance abuse evaluations and over reliance on lengthy periods of incarceration." Senator Greg Smith's Testimony, S.B. 367, p. 1 (2016).

Senator Smith, the cochairman of the Kansas Juvenile Justice Workgroup, testified to the recognition that juveniles had diminished culpability due in part to their continued

9

brain development. "Kids live in the moment," he noted, "with no forethought of outcomes that could occur after an action is taken." Sen. Smith's Testimony, p. 2. Because juveniles' learning and cognitive skills are still developing, S.B. 367's reform measures offered greater prospects for modifying juveniles' behavior and lowering the high recidivism rate. Sen. Smith's Testimony, p. 2.

Accordingly, the 2016 revisions "revamped" the juvenile justice system by focusing in part on providing community-based treatment and preventing an overreliance on lengthy incarceration periods to combat juvenile criminal behavior. See Smith, *SB 367 and Juvenile Justice Reform in Kansas: A Whole New World*, 86 J.K.B.A. 16 (February 2017); Supplemental Note on S.B. 367, p. 6 (2016); Kansas Legislative Research Department, *2016 Summary of Legislation*, *Juvenile Justice System; SB 367* (S.B. 367 established case length limits for juveniles and established the Kansas Juvenile Justice Oversight Committee "to oversee the implementation of *reforms* in the juvenile justice system.").

With this recognition of a juvenile's diminished culpability, the Legislature also modified the juvenile justice system statutes to increase the likelihood that a juvenile would remain in the juvenile justice system rather than serving an adult prison sentence. See Supplemental Note on S.B. 367, p. 18. One such statute is K.S.A. 38-2347, the statute in question here. The prior version of K.S.A. 38-2347(a) read, in relevant part:

> "(1) Except as otherwise provided in this section, at any time after commencement of proceedings under this code against a juvenile and prior to the beginning of an evidentiary hearing at which the court may enter a sentence as provided in K.S.A. 38-2356, and amendments thereto, the county or district attorney or the county or district attorney's designee may file a motion requesting that the court authorize prosecution of the juvenile as an adult under the applicable criminal statute. The juvenile shall be presumed to be a juvenile unless good cause is shown to prosecute the juvenile as an adult. *No juvenile less than 12 years of age shall be prosecuted as an adult.*"

"(2) The alleged juvenile offender *shall be presumed to be an adult if the alleged juvenile offender was: (A) 14, 15, 16 or 17 years of age at the time of the offense* or offenses alleged in the complaint, if any such offense: (i) If committed by an adult, would constitute an off-grid crime, a person felony or a nondrug severity level 1 through 6 felony . . . ." (Emphases added.) K.S.A. 2015 Supp. 38-2347(a)(1), (a)(2)(A)(i).

Striving to improve the juvenile justice system, in 2016, the Legislature intended to make adult prosecution of juveniles harder, not easier. As stated in Supplemental Note on S.B. 367, p. 18, "The age for adult prosecution of a juvenile would be raised from 12 to 14. The bill would remove existing presumptions that a juvenile is an adult based upon certain ages, crime severity levels, or other factors." The Legislature also modified the burden of proof, requiring the State to rebut the presumption that a juvenile was a juvenile by a preponderance of the evidence instead of simply when "good cause is shown." Compare K.S.A. 2016 Supp. 38-2347(a)(1) with K.S.A. 2015 Supp. 38-2347(a)(1); see Supplemental Note on S.B. 367.

In this context, the statutory changes between K.S.A. 2015 Supp. 38-2347(a) and K.S.A. 2016 Supp. 38-2347(a) do not reflect an intention to authorize prosecution of a juvenile as an adult based on the juvenile's age at the filing of the motion. Instead, we can surmise an intention to base the adult prosecution of a juvenile on the juvenile's age at the time of the alleged offense. This intention is further supported by Kansas' historical tradition of considering the applicability of the Code based on the offender's age when the crimes were committed. See *State v. J.L.J.*, 318 Kan. 720, 724, 547 P.3d 501 (2024) ("J.L.J., who was 17 years old at the time of the shooting, was later certified for adult prosecution."); *State v. Mayfield*, 241 Kan. 555, 561, 738 P.2d 861 (1987) (concluding district court's failure to proceed under juvenile code deprived court of subject matter jurisdiction to accept guilty plea "when the acts complained of were done by appellant at a time when he was under the age of eighteen"). This longstanding tradition of applying the Code further supports a finding that K.S.A. 38-2347(a)(1) applies only when a juvenile was at least 14 years of age when the crime is allegedly committed.

*Conclusion*

From this review, we do not find that the Legislature intended to deviate from considering a juvenile's age at the time of the offense when determining whether a juvenile should be prosecuted as an adult. As explained, the State's requested interpretation could lead to meaningless legislation and absurd results. See *Gomez*, 320 Kan. at 15. Additionally, in its overhaul of the Code, the Legislature sought to limit the adult prosecution of juveniles by raising the minimum age for prosecution as an adult from 12 to 14. See K.S.A. 38-2347(a)(1). The 2016 amendments also removed the prior language in K.S.A. 2015 Supp. 38-2347(a) that 14-, 15-, 16-, and 17-year-old juvenile offenders were presumed to be adults. See K.S.A. 2016 Supp. 38-2347(a). Interpreting K.S.A. 38-2347(a)(1) to prohibit adult prosecution of juvenile offenders less than 14 years of age at the time of the offense is also consistent with Kansas' historical treatment of juvenile offenders based on the age at the time of the commission of the offense. Overall, we find the State's arguments are unpersuasive.

We conclude that a juvenile may only be prosecuted as an adult if the juvenile was 14 years or older at the time of the commission of the crime. As a result, a motion to authorize prosecution of a juvenile as an adult under K.S.A. 38-2347 is appropriate only if the complaint is filed after the juvenile was at least 14 years old when the offense was committed. The district court did not err when it found that, as a matter of law, I.H. and A.W. could not be tried as adults because they were less than 14 years old when they committed the offense.

Affirmed.